IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> DANTE D. BAILEY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Criminal Case No. 16-cr-00267-LKG <br><br> Dated: April 22, 2024 |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Defendant, Randy Banks, has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  ECF No. 1712.  This motion is fully briefed.  ECF Nos. 1712, 1721, 1794.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **DENIES** Mr. Banks' motion for compassionate release.

### II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

#### A.  Factual Background

Mr. Banks is a 46-year-old federal prisoner, currently incarcerated at Federal Correctional Institution ("FCI") Petersburg, located in Prince George County, Virginia.  ECF Nos. 1273 at 3; ECF No. 1712 at 19.  Mr. Banks is serving a 216-month sentence for conspiracy to distribute controlled substances, and his projected release date is May 16, 2035.  ECF No. 1273 at 1; ECF No. 1275.

<u>Mr. Banks' Sentence</u>

On April 30, 2019, a jury found Mr. Banks guilty of one count of conspiracy to distribute less than 280 grams of crack cocaine, in violation of 21 U.S.C. § 846.  ECF No. 1170.

---

[1] The facts recited in this memorandum opinion and order are derived from Defendant's motion for compassionate release; the Government's response in opposition thereto; and Defendant's amended presentence investigation report.  ECF Nos. 1273, 1712, 1794.

1

The amended presentence investigation report calculated Mr. Banks' base offense level as 28, because his criminal activity in the case involved between 196 and 280 grams of cocaine base. ECF No. 1273 at 10. The offense level was increased by two points because Mr. Banks possessed a firearm in committing the crime; it was increased by another three points because Mr. Banks was a manager or supervisor of a criminal activity that involved five or more participants. *Id*. And so, the amended presentence report calculated Mr. Banks' total offense level as 33. *Id*. at 11.

In light of Mr. Banks' criminal history, the amended presentence report determined his criminal history category to be III. *Id*. at 16. However, pursuant to Section 4A1.3(a)(1) of the U.S. Sentencing Guidelines, the Court concluded that this criminal history category substantially underrepresented the seriousness of Mr. Banks' criminal history and that an upward departure was warranted. *Id*. And so, the Court held that Mr. Banks' criminal history category was IV.

Mr. Banks faced a 20-year maximum term of imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(C). *Id*. at 22. Based upon a total offense level of 33 and a criminal history category of IV, the amended presentence report indicated that Mr. Banks' guideline sentencing range was 188 months to 235 months. *Id*. The probation officer did not identify any factors that would warrant a departure from the applicable sentencing guideline range. *Id*. at 24.

On August 28, 2019, the Court sentenced Mr. Banks to a 216-month term of imprisonment and a three-year term of supervised release upon his release from custody. ECF No. 1275 at 2. Mr. Banks was incarcerated at FCI Petersburg shortly thereafter. *Id*.

<u>Mr. Banks' Request For Compassionate Release</u>

On January 4, 2022, Mr. Banks filed a motion for compassionate release. ECF No. 1712. To support his motion, Mr. Banks argues that: (1) the Court erred in enhancing his sentence, both by increasing his offense level for possessing a firearm while committing the underlying crime and serving as a manager or supervisor in the criminal activity, and by imposing an upward departure of his criminal history category; (2) he is at risk for contracting COVID-19 due to severe medical conditions, including obesity, hypertension, and other comorbidities; and (3) he is not a danger to the safety of others or the community, because he has adjusted well to prison, avoided major or violent disciplinary actions, and reached an age at which recidivism rates "drastically decline[]." *Id*. at 3-18. And so, Mr. Banks requests that the

Court grant him immediate release from prison, so that he may serve as a caregiver for his severely ill and disabled father. *Id*. at 16, 18.

On February 14, 2022, Mr. Banks submitted correspondence to the Court alleging that a COVID outbreak in his facility at FCI Petersburg, which occurred on or about December 18, 2021, prompted him to file a motion for compassionate release with the Court. ECF No. 1721 at 1. The Court construes this filing as an amended petition for compassionate release.

In his amended petition, Mr. Banks states that the Warden at FCI Petersburg "has failed to respond to [his] motion [for compassionate release]." *Id*. at 2. Mr. Banks also alleges that "the staff at FCI Petersburg has acknowledged that [Mr. Banks] filed said motion," but failed to provide him with a copy of the motion. *Id*. Mr. Banks attached several messages sent to various Federal Bureau of Prisons ("BOP") employees, dated August 27, 2021, September 15, 2021, October 20, 2021, and October 26, 2021, respectively, in which he requests a copy of the compassionate release motion that he believes he submitted to the BOP on February 5, 2021. *See* ECF No. 1721-1. And so, Mr. Banks maintains that the BOP has misplaced his petition

The Government opposes Mr. Banks' motion for compassionate release, arguing that: (1) Mr. Banks has failed to exhaust his administrative remedies, because he has not shown that he submitted a request for compassionate release to the Warden of FCI Petersburg before directly petitioning the Court for relief, as required under 18 U.S.C. § 3582(c)(1)(A); (2) Mr. Banks' fears of contracting COVID-19 due to his medical conditions do not give rise to an "extraordinary and compelling" reason for granting compassionate release; and (3) the Section 3553(a) factors weigh against reducing Mr. Banks' sentence. ECF No. 1794 at 15-27. And so, the Government requests that the Court DENY Mr. Banks' motion. *Id*. at 27.

### B.     Procedural Background

Mr. Banks filed his motion for compassionate release on January 4, 2022. ECF No. 1712. On February 2, 2022, the Office of the Federal Public Defender filed a notice declining compassionate release representation. ECF No. 1718. On February 14, 2022, Mr. Banks filed an amended petition for compassionate release. ECF No. 1721.

On September 27, 2022, the Government filed a response in opposition to Mr. Banks' motion. ECF No. 1794. On October 17, 2022, Mr. Banks filed a reply brief. ECF No. 1799.

Mr. Banks' motion for compassionate release having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug. 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the BOP Director. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held that as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, once a defendant has exhausted his administrative remedies, he may petition the Court directly for compassionate release. *Id*.

Pursuant to Section 3582(c)(1)(A), the Court may modify a defendant's sentence if, "after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable," it finds that:

> (i) extraordinary and compelling reasons warrant such a reduction;

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Wiggins*, 2020 WL 4436373, at *3. And so, to be entitled to relief under Section 3582(c)(1)(A)(i), the defendant must demonstrate that: (1) "extraordinary and compelling reasons" warrant a reduction of his sentence; (2) the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13. *Id.*

In this regard, the United States Sentencing Commission ("the Commission") is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). And so, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

### IV.     ANALYSIS

Mr. Banks seeks compassionate release upon the grounds that: (1) the Court erred in enhancing his sentence, both by increasing his offense level for possessing a firearm while committing the underlying crime and serving as a manager or supervisor in the criminal activity, and by imposing an upward departure of his criminal history category; (2) he is at risk for contracting COVID-19 due to severe medical conditions, including obesity, hypertension, and other comorbidities; and (3) he is not a danger to the safety of others or the community. ECF No. 1712 at 3-18.

The Government counters that Mr. Banks is not entitled to compassionate release, because: (1) Mr. Banks failed to exhaust administrative remedies with regards to his request for compassionate release, as required under 18 U.S.C. § 3582(c)(1)(A); (2) Mr. Banks' fears of contracting COVID-19 due to his medical conditions do not give rise to an "extraordinary and

compelling" reason for granting compassionate release; and (3) the Section 3553(a) factors weigh against reducing Mr. Banks' sentence. ECF No. 1794 at 15-27.

Because the evidence before the Court indicates that Mr. Banks has not shown that he exhausted his administrative remedies before filing his motion for compassionate release with the Court, the Court DENIES Mr. Banks' motion for compassionate release.

A.     **Mr. Banks Has Not Fully Exhausted His Administrative Remedies**

Mr. Banks has not met his burden to show that he exhausted the administrative remedies with regards to the grounds for his motion for compassionate release, before directly seeking such relief from the Court. Section 3582(c)(1)(A) allows the Court to reduce a defendant's term of imprisonment upon the defendant's motion after either: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever occurs first. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug. 3, 2020).

In this case, Mr. Banks filed his motion for compassionate release on January 4, 2022, and he alleges that he submitted a request for compassionate release to the Warden of FCI Petersburg on February 5, 2021. ECF No. 1712 at 2. But Mr. Banks points to no evidence showing that he submitted a motion for compassionate release to his warden before filing his petition in this matter, as required under Section 3582(c)(1)(A). *See generally id.*; ECF No. 1721.

Notably, attached to Mr. Banks' amended petition are several messages sent to certain BOP employees after he alleges he submitted his motion for compassionate release. ECF No. 1721-1. But this information does not show that Mr. Banks actually submitted such a motion on February 5, 2021, as he alleges in this matter. *Id*. And as the Government persuasively argues, the absence of any evidence showing that BOP staff responded to Mr. Banks' messages supports the view that Mr. Banks did not submit a motion for compassionate release on February 5, 2021. ECF No. 1794 at 15-16.

The Government also represents to the Court that Government counsel emailed a member of the BOP's legal office to determine if Mr. Banks filed an initial request for compassionate release before filing a petition directly with the Court. *Id*. at 16. The BOP advised "that a search of [the] BOP's databases 'failed to show [Mr. Banks] submitted any request[,] let alone

6

exhausted' his administrative remedies." *Id*.  Given this evidence, the Court is not satisfied that Mr. Banks exhausted his administrative remedies with regards to his motion for compassionate release before directly petitioning the Court.  Because he must do so to obtain the relief that he seeks, the Court **DENIES** Mr. Banks' motion for compassionate release.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Banks' motion for compassionate release.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge